IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**GENE EDWARD SCOTT**                                                                                           **PLAINTIFF**

v.                           **Case No. 4:23-cv-00889-KGB**

**DOE**                                                                                                                    **DEFENDANT**

## ORDER

Before the Court are plaintiff Gene Edward Scott's motion to proceed *in forma pauperis* and his complaint (Dkt. Nos. 1, 2). For the reasons discussed in this Order, the Court grants the motion to proceed *in forma pauperis* and dismisses without prejudice the complaint.

### I.   *In Forma Pauperis*

Under 28 U.S.C. § 1915, the decision to grant or deny an application to proceed without prepaying fees or costs is within the sound discretion of the district court. *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983) (citations omitted). Although a claimant need not be "completely destitute" to take advantage of the *in forma pauperis* statute, he must show that paying the filing fee would result in an undue financial hardship. *In re Williamson*, 786 F.2d 1336, 1338 (8th Cir. 1986). The Court finds that Mr. Scott does not have the ability to pay the filing fee without suffering an undue financial hardship and grants his application to proceed without prepaying fees or costs (Dkt. No. 1).

### II.   Screening

Mr. Scott is not currently incarcerated. However, pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, the Court must screen Mr. Scott's complaint to determine whether it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C.A. §

1915(e)(2); *Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016) ("Although some district courts have limited section 1915(e)(2)(B)(ii) pre-service dismissal to litigants who are prisoners, . . . all of the circuit courts to address the issue have held that nonprisoner complaints can be screened and dismissed pursuant to section 1915(e)(2)(B).") (citing *Michau v. Charleston Cty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has stated that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly*, 550 U.S. at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. N.D. Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

Mr. Scott, who appears to be a resident of Arizona, indicates that he seeks a "National (U.S.) Gaming License (Casino, et al)" (Dkt. No. 2, at 3). Mr. Scott states "plaintiff is . . . entitled to relief due to need Amendment I and VIII Rights because the petitioner is quite indigent and in . . . need of employment . . . owning legal business to survive." (*Id.*) (ellipses in original). Mr. Scott requests "that the . . . Court grant Federal permission to Plaintiff to operate as a Federal

Gamer." (*Id.*) (ellipses in original). Mr. Scott names only a Doe defendant. The Court can discern from Mr. Scott's complaint no facts that could plausibly provide a basis to a claim for relief of this sort. The Court finds that Mr. Scott fails to state a claim on which relief may be granted.

### III.     Conclusion

For the foregoing reasons, the Court grants Mr. Scott's motion to proceed *in forma pauperis* and dismisses without prejudice Mr. Scott's complaint against all defendants. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an *in forma pauperis* appeal taken from the Order and Judgment dismissing this action is considered frivolous and not in good faith.

It is so ordered this 9th day of July, 2024.

_____
Kristine G. Baker
Chief United States District Judge